**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4045**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

SHAWN LESTER,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (CR-01-33)

─────────────

Submitted:  June 9, 2004              Decided:  July 8, 2004

─────────────

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Megan J. Schueler,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant.  Kasey Warner, United States Attorney, John J. Frail,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Shawn Lester appeals from the district court's order revoking his supervised release and sentencing him to twenty-three months imprisonment. Lester's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), representing that, in her view, there are no meritorious issues for appeal, but raising one potential claim. Lester has been notified of his right to file a pro se supplemental brief but has not done so.

Counsel claims that the district court erred because it sentenced Lester outside the eight-to-fourteen month guideline range calculated under <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 7B1.4, p.s. (2002). Chapter Seven of the U.S. Sentencing Guidelines Manual sets forth policy statements offering recommended sentencing ranges for revocation of probation and supervised release. Chapter Seven is advisory and non-binding. <u>United States v. Davis</u>, 53 F.3d 638, 640-41 (4th Cir. 1995). However, the court should consider the policy statements before imposing sentence. <u>Id.</u> If the court has considered the relevant factors and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set forth in the Guidelines. <u>Id.</u> Because the district court was presented with and explicitly considered the suggested sentencing range of USSG § 7B1.4, and Lester's sentence does not exceed the statutory

maximum under 18 U.S.C. § 3583 (2000), we find no reversible error in Lester's sentence.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Lester's sentence.  This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>